United States Courts Southern District of Texas
FILED
*November 4, 2022*
Nathan Ochsner, Clerk of Court

|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION | | |
| **PEYMANEH PASHA** Plaintiff, | § § § § | |
| V. | § § | Civil Action No. 4:22-cv-3211 |
| **DICK'S SPORTING GOODS, INC.** Defendant. | § § § § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PEYMANEH PASHA, hereinafter the "Plaintiff", and complains of and about DICK'S SPORTING GOODS, INC., hereinafter the "Defendant", and for cause of action show unto the Court the following:

### PARTIES AND SERVICE

1.  Plaintiff, PEYMANEH PASHA, is an individual who resides in Harris County, Texas.

2.  Defendant DICK'S SPORTING GOODS, INC., a Corporation doing business in Texas, is organized under the laws of Pennsylvania, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be affected by certified mail, return receipt requested.

1

## JURISDICTION AND VENUE

3. This court has jurisdiction over the parties because Defendant, DICK'S SPORTING GOODS, INC., purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

4. Plaintiff would show that Defendant, DICK'S SPORTING GOODS, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

5. Plaintiff would show that Plaintiff's cause of action against Defendant, DICK'S SPORTING GOODS, INC., arose from its continuous and systematic contacts with the State of Texas.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of the parties and the amount in controversy is greater than $75,000.

7. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## FACTS

8. Plaintiff purchased a bike from Defendant in December of 2020.

9. When Plaintiff purchased the bike, it was disassembled.

10. Defendant agreed to assemble the bike for Plaintiff.

11. Defendant assembled the bike and gave it to Plaintiff that same day.

12. On December 14, 2020, Plaintiff PEYMANEH PASHA went to ride the bike, when

the handlebars began to move in a different direction and not within the control of Plaintiff. Ms. Pasha tried to stop the bike by applying the brakes, but the brake failed to work causing her to lose control fall. As a result of this incident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

## STRICT PRODUCTS LIABILITY

13. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

14. Defendant is a seller of sporting goods including bicycles.

15. Defendant assembled a bicycle sold to Plaintiff.

16. Defendant sold and assembled a product, a bike, to Plaintiff that was in a defective and unreasonably dangerous condition.

17. Plaintiff was injured by the defective and unreasonably dangerous condition of the bike.

18. The defective bike was the producing cause of the injury to the Plaintiff.

19. Defendant is strictly liable for Plaintiff's injuries.

## MANUFACTURING LIABILITY OF DEFENDANT DICK'S SPORTING GOODS, INC.

20. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

21. Defendant owed Plaintiff a duty of care when it assembled the bike.

22. At the time and on the occasion in question, Defendant DICK'S SPORTING GOODS, INC., and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A. In failing to properly assemble the bicycle;

    B. In failing to properly train and supervise its employees;

3

        C.        Failing to inspect the bicycle for any defects after assembly;

        D.        Failing to test the bicycle to ensure it was fit for its intended use; and

        E.        Failure to comply with manufacturer's specifications.

23.     Defendant assembled the bike in a manner that deviated in its construction or quality from the specifications or planned output in manner that rendered it unreasonably dangerous.

24.     Defendant breached its duty to Plaintiff.

25.     Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

26.     Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

### BREACH OF THE WARRANTY OF MERCHANTABILITY
### (Texas Business and Commerce Code § 2.314)

27.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

28.     A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

29.     Goods to be merchantable must at least such as:

        A.        Pass without objection in the trade under the contract description; and

        B.        In the case of fungible goods, are of fair average quality within the description; and

        C.        Are fit for the ordinary purposes for which such goods are used; and

        D.        Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and

    E. Are adequately contained, packaged, and labeled as the agreement may require; and

    F. Conform to the promises or affirmations of fact made on the container or label if any.

30. Defendant is a seller of sporting equipment including bicycles.

31. When Plaintiff purchased the bike from Defendant, a warranty of merchantability was implied in the contract for sale.

32. Due to Defendant's failure to properly assemble the bike, Plaintiff could not control the bike, fell off the bike, and became injured.

33. Defendant's breach of the implied warranty of merchantability proximately caused Plaintiff's injuries.

## PROXIMATE CAUSE

34. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF PEYMANEH PASHA

35. As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff PEYMANEH PASHA was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

  a. The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

  b. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

    c. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

    d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

    e. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

    f. The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

    g. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

    h. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

36. By reason of the above, Plaintiff, PEYMANEH PASHA has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRESERVING EVIDENCE

37. Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the

referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, PEYMANEH PASHA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**WALI LAW PLLC**

By: _/s/ Ahson Wali_
Ahson Wali
Tx Bar No. 24106815
Southern District No. 3392408
2323 S. Voss Road, Suite 270
Houston, Texas 77057
Tel: (832) 968-8686
Fax: (832) 968-8686
E: aw@walilaw.com
Husein Hadi
Texas Bar No. 24067641
Federal Bar No. 1626617
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**