United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEYMANEH PASHA, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03211 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| DICK'S SPORTING | § | |
| GOODS INC, | § | |
| Defendant. | § | |

**OPINION AND ORDER**
**DENYING SANCTIONS FOR SPOLIATION OF EVIDENCE**

The motion by Defendant Dick's Sporting Goods, Inc for sanctions regarding spoliation of evidence is denied. Dkt 21. But as noted in conclusion, the animating concerns may be raised again in a later, appropriate context.

1. Background

Dick's Sporting Goods sold Plaintiff Peymaneh Pasha a bicycle in December 2020. Dkt 1-2 at 4–5. She alleges that the brake gear failed while she was riding it later that month, causing her to sustain "serious personal injuries." Id at 5.

Shortly after the accident, Pasha called the store where she purchased the bicycle to report the injury. The manager to whom she spoke asked her to bring the bicycle in for inspection in light of Pasha's assertion that it had been improperly assembled. Dkt 21 at 1–2. Pasha never did. Instead, her counsel provided a "notice of claim" letter to Dick's Sporting Goods on January 5, 2021, in which he stated that Pasha wouldn't relinquish the bicycle and, at that point, she "simply wants the claim to be initiated" as to the nature and extent of her injury. See Dkt 21-4 at 3.

Pasha later testified in her deposition that she instead took the bicycle to Bike Barn on February 22, 2021, for an official inspection, during which certain "corrective action was taken." Dkt 21-1 at 9. She then took the bicycle to Bike Barn again on November 11, 2021, for a more detailed inspection report, apparently during which the bicycle was "fixed" in some unspecified way. Dkt 21-1 at 9–12.

Pasha then sued Dick's Sporting Goods in August 2022, alleging that it and its employees failed to use ordinary care in setting up and displaying the bicycle. Dkt 1-2 at 5.

Pending is a motion by Dick's Sporting Goods under Rule 37 for sanctions against Pasha for spoliation of evidence, requesting either dismissal of this action in its entirety or limitation at trial on argument or evidence that the bicycle was improperly assembled. Dkt 21 at 6–7.

2. Legal standard

"Spoliation of evidence 'is the destruction or the significant and meaningful alteration of evidence.'" *Guzman v Jones*, 804 F3d 707, 713 (5th Cir 2015) (internal citation omitted). A party seeking an adverse-inference instruction as sanction based on spoliation of evidence must show that "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Rimkus Consulting Group, Inc v Cammarata*, 688 F Supp 2d 598, 615–16 (SD Tex 2010). Courts "permit an adverse inference against the spoliator or sanctions . . . only upon a showing of 'bad faith' or 'bad conduct.'" *Guzman,* 804 F3d at 713 (internal citation omitted).

The "severity of a sanction for failing to preserve when a duty to do so has arisen must be proportionate to the culpability involved and the prejudice that results." *Rimkus*, 688 F Supp 2d at 618. Sanctions as extreme as dismissal and default have been upheld in cases of "egregious" conduct or when the spoliator's conduct

2

"'substantially denied the defendant the ability to defend the claim.'" Ibid, citing *Sampson v City of Cambridge, Maryland*, 251 FRD 172, 180 (D Md 2008).

### 3. Analysis

*As to the obligation to preserve the evidence,* the Fifth Circuit holds, "A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman,* 804 F3d at 713, citing *Rimkus*, 688 F Supp 2d at 612.

Pasha argues that she wasn't under an obligation to preserve evidence because Defendant didn't "send a spoliation letter." Dkt 29 at 4. But that obscures the actual question as to whether notice exists that the evidence is relevant to litigation. That can be gleaned in some circumstances from the existence of the litigation itself. See *Rimkus*, 688 F Supp 2d at 607, 612 n 7.

The problem in this instance with respect to the extreme sanction of dismissal or preclusion of evidence or argument is different. And that is, the alleged spoliation occurred many months *prior to* this litigation even having been filed. While the context of the letter by Pasha's counsel is concerning, it bears mention that it doesn't state that litigation would be forthcoming. Dkt 21-4 at 2–3. That litigation was subsequently filed doesn't give rise to any inference that an obligation existed to preserve the evidence before litigation began.

*As to a culpable state of mind,* in the spoliation context, *bad faith* is "destruction for the purpose of hiding adverse evidence." *Guzman,* 804 F3d at 713. Conclusion on this follows from the above. Given the timing of the repair, nothing in the record clearly establishes that Pasha did so with the intent to deprive Dick's Sporting Goods of an opportunity to examine the bicycle. Indeed, in Pasha's deposition testimony—within which Dick's Sporting Goods deprives the Court of adequate context due to excerpted gaps in what's provided, along with admonitions by counsel during the deposition itself that precluded Pasha from

speaking her full mind—Pasha states that (i) Dick's Sporting Goods "never communicated," (ii) there were "many communications the person didn't answer," and (iii) another person "was not very cooperative at all." Dkt 21-1 at 10, 13–14. It is thus unclear on the present record as to any culpable state of mind at the time of the repairs.

*As to the relevance of the spoliated evidence,* Dick's Sporting Goods makes a valid point. The bicycle in its condition after the accident is plainly relevant to an assertion of negligent assembly. Indeed, it is the key piece of evidence in this action. That said, relevance alone isn't enough to establish the propriety of sanctions in this context.

The motions for sanctions will be denied. But this won't be the last on this issue. A separate order will enter to allow the parties to update their joint pretrial order and related filings in light of this ruling. See Dkts 30 through 36. In particular, the parties will be ordered to specify and respond more clearly as to any appropriate order *in limine*, along with specific request for instruction to the jury as to the timing and nature of the repairs made. Those will be considered at docket call, which will also be rescheduled.

4. Conclusion

The motion by Defendant Dick's Sporting Goods, Inc for sanctions regarding spoliation of evidence is DENIED. Dkt 21.

SO ORDERED.

Signed on February 14, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4